IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV- 456-FL

| TRISTA ANNE SCHMIER, and | ) |
| JONATHAN DAVID SCHMIER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| LION CREDIT AND CAPITAL, AMARIS | ) |
| CAPITAL VENTURES, ROB STEVENS, | ) |
| CHARLES JOHNSON, JR., SHIRLEY | ) |
| KNIGHT, LEO KANELL, EUGENE | ) |
| WORKS, and BRIAN STARK, | ) |
| | ) |
| Defendants. | |

This matter is before the court on memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint on frivolity review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff objected to the M&R, (DE 13), and in this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R as its own and dismisses the complaint as frivolous.

### BACKGROUND

On August 29, 2016, plaintiffs filed complaint asserting claims against defendants for breach of contract, fraud, and negligent misrepresentation.[1] Thereafter, plaintiffs filed separate motions to proceed in forma pauperis. (DE 3, 6). On October 6, 2017, the magistrate judge issued the M&R,

---

[1] An identical complaint was filed October 6, 2017. (DE 10).

recommending that the court dismiss plaintiffs' claims for lack of subject matter jurisdiction. Plaintiffs timely filed objection on January 8, 2018. (DE 13). Therein, plaintiffs contend that the court has subject matter jurisdiction where the amount in controversy exceeds $75,000 and the parties are from different states.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[ ] the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

"The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. "There is a presumption against diversity jurisdiction." Krier-Hawthorne v. Beam, 728 F.2d 658, 667 (4th Cir. 1984). "[T]he party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleading the facts essential to show jurisdiction." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); see Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968) ("[T]he complaint must state on its face the grounds for its jurisdiction.").

Plaintiffs' complaint does not contain allegations sufficient to show diversity jurisdiction. With respect to amount in controversy, plaintiffs make no allegation in their complaint that the amount in controversy in this action exceeds $75,000. Rather, plaintiffs' complaint only asserts entitlement to compensatory damages "for all damages sustained." See 28 U.S.C. § 1332.

Plaintiffs' complaint also fails to contain allegations sufficient to establish complete diversity of citizenship amongst the parties. Significantly, plaintiffs fail to allege the citizenship of the individual defendants. See Elliot v. Am. States Ins. Co., 883 F.3d 384, (4th Cir. 2018) ("When

3

original jurisdiction is based on diversity of citizenship, the cause of action must be between parties of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant[.]").

In their objection to the M&R, plaintiffs assert entitlement to $300,000. Plaintiffs also assert generally that "the [p]arties in the case are from [d]ifferent states[.]" (DE 13, p. 1). Plaintiffs' conclusory allegation regarding the parties' citizenship is insufficient to support exercise of the court's diversity jurisdiction under 28 U.S.C. § 1332. <u>Nemet,</u> 591 F.3d at 255 (indicating that the court need not accept.). Where the court lacks subject matter jurisdiction to hear plaintiffs' claims, the case must be dismissed.

Upon careful review of the M&R and the record generally, finding no error in this determination, the court ADOPTS the findings and recommendations of the magistrate judge. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to close this case.

SO ORDERED, this the 26th day of April, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge